**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JAMES L. CAMPBELL | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 03-60018-01-WEB |
| | ) | 04-3383-WEB |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

MEMORANDUM AND ORDER

Now before the Court is the motion of petitioner James L. Campbell, to vacate, set aside or correct his sentence under the provisions of 28 U.S.C. § 2255. A review of the record reflects that Petitioner was found to have violated the terms of his supervised release and that term was revoked on October 14, 2003. (Doc. 21). The Court revoked Petitioner's supervised release and sentenced him to two years. (Doc. 22). Judgment was entered on October 15, 2003. (Id.). No direct appeal was filed.

On October 7, 2004 Petitioner timely filed this action under 28 U.S.C. § 2255. Petitioner alleges the following grounds for relief: 1) That the indictment did not list supervised release as a part of the charged offenses, in violation of his Fifth Amendment rights; 2) his Sixth Amendment rights were violated because the supervised release exceeded the statutory maximum permitted by law for the offenses for which he was convicted; and 3) ineffective assistance of counsel. The Government responds by asserting that Petitioner is procedurally barred from raising these claims. Petitioner did not file a traverse.

Failure to file a direct appeal impairs a defendant's ability to challenge his sentence. A section 2255

motion cannot be used to test the legality of matters that should have been raised on direct appeal. *United States v. Khan,* 835 F.2d 749, 743 (10th Cir. 1987). To permit review of the merits on issues first raised in a 2255 motion, Petitioner "must show both cause for the default and that failure to consider the claim would result in actual prejudice to his defense..." *United States v. Harms,* 371 F.3d 1208, 1211 (10th Cir. 2004). Alternatively, Petitioner can overcome the procedural bar if he can show that failing to consider his claims would be tantamount to a fundamental miscarriage of justice. *United States v. Cervini,* 379 F.3d 987, 991 (10th Cir. 2004).

In March, the Government raised the issue of procedural bar; however, Petitioner did not reply. *Cf. Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992) (a petitioner must be given notice and a reasonable opportunity to respond after raising the issue of procedural bar). Petitioner offers no explanation for failing to file a direct appeal nor does he argue that his sentence will result in a miscarriage of justice. Petitioner does allege prejudice from his sentence because it exceeds the statutory maximum but, as will be explained later, this argument is meritless. Hence, Petitioner's claims not relating to ineffective assistance of counsel are procedurally barred. *Massaro v. United States*, 538 U.S. 500, 509 (2003) (failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later 2255 motion).

The Court will address Petitioner's remaining claim of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that but for these errors, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner claims his counsel was unconstitutionally deficient because counsel failed to object to the

imprisonment received for violating his supervised release. This, Petitioner alleges, is error because when combined with his prison time for the initial crime, it exceeds the maximum statutory penalty. The Tenth Circuit has held that 18 U.S.C. § 3583 "authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute." *United States v. Robinson*, 62 F.3d 1282, 1285 (10th Cir. 1995). Counsel's actions cannot fall below the objective standard of reasonableness for failing to object to a sentence that is not erroneous. Even if counsel had objected, the resulting sentence would not have been any different because it is consistent with the law. Petitioner has failed to show that counsel's actions fail either prong of *Strickland*. *Strickland*, 466 U.S. at 687.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 24) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. Section 2253 should be and hereby is DENIED.

SO ORDERED this 16th day of June, 2005.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge